IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILFORD JAY PETERSON,

    Petitioner,                    No. CIV S-09-1524 JAM DAD P

   vs.

MIKE McDONALD[1],               ORDER AND

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss this action on the ground that the habeas petition was filed beyond the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner has filed an opposition to the motion and respondent has filed a reply.

**BACKGROUND**

        Petitioner was convicted in the San Joaquin County Superior Court of assault with a firearm and of being a felon in possession of a firearm. (Lod. Doc. 1) (filed August 28, 2009).

---

[1] Counsel for respondent has advised the court that the current warden of High Desert State Prison, where petitioner is incarcerated, is Mike McDonald. Accordingly, the court will direct the Clerk of the Court to substitute Mike McDonald as the respondent in this action.

1

Sentencing enhancement allegations were found to be true. (Id.) On October 11, 2002, petitioner was sentenced to an indeterminate prison term of twenty-five years to life, plus enhancements. (Id.) On September 27, 2004, the California Court of Appeal for the Third Appellate District affirmed the judgment of conviction. (Lod. Doc. 2.) On September 19, 2008, petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Lod. Doc. 3.) That petition was denied on May 20, 2009. (Lod. Doc. 4.) On June 3, 2009, petitioner filed his federal habeas petition with this court.

**RESPONDENT'S MOTION TO DISMISS**

I. Respondent's Motion

Respondent asserts that because the pending petition was filed on June 3, 2009, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies. (MTD at 2.) According to respondent, because petitioner did not file a petition for review with the California Supreme Court, his judgment of conviction became final on November 6, 2004, forty days after the time for filing a petition for review had expired. (Id.) The one year AEDPA statute of limitations began to run the following day on November 7, 2004. (Id.) Thus, respondent argues, the last day for petitioner to timely file a federal habeas petition was on November 6, 2005, unless he was entitled to any tolling of the applicable statute of limitations. (Id. at 3.)

Respondent contends that petitioner is not entitled to statutory tolling under 28 U.S.C. §2244(d)(2) since he did not file any post-conviction collateral attacks on his conviction in state court within the one-year AEDPA statute of limitations period. (Id.) Therefore, respondent asserts, the statute of limitations for the filing of a federal habeas petition commenced on November 7, 2004, and expired on November 6, 2005. (Id.) Since petitioner did not file his federal habeas petition until over three years after the statute of limitations expired, respondent argues that this federal habeas action is time barred. (Id.)

Respondent also notes that the habeas petition filed by petitioner with the California Supreme Court on September 19, 2008, cannot operate to toll the AEDPA statute of

limitations because that petition was rejected as untimely as indicated by the California Supreme Court's citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) in denying the petition. Respondent contends that Robbins stands for the proposition that delayed claims will not be condoned. (Id.) Therefore, according to respondent, the belated habeas petition filed by petitioner with the California Supreme Court cannot serve to toll the AEDPA statute of limitations because it was not properly filed. (Id.)

II. Petitioner's Opposition

In opposing the pending motion to dismiss petitioner contends that on or about October 22, 2004, he filed a petition for review with the California Supreme Court. (Opp'n at 3.) Petitioner states that the petition for review was prepared by his appellate counsel and was mailed to petitioner on October 18, 2004, so that petitioner could file it with the California Supreme Court on his own behalf. (Id.) Petitioner contends that on or about October 22, 2004, he mailed the petition for review to the California Supreme Court from Mule Creek State Prison. (Id.) Petitioner has submitted a copy of the prison mail log to verify his contention that mail was sent to the California Supreme Court on October 22, 2004. (Id., Ex. C at 3.)

Petitioner argues that, believing that the petition for review was pending in the California Supreme Court, he waited for that court's ruling in response to the petition. (Id. at 4.) Petitioner represents that on March 16, 2008, he filed a "Request for Case Status Update and Legal Status Summary Sheet" with the California Supreme Court and that on March 19, 2008, the court sent him a letter stating that it could not locate a case related to petitioner's inquiry. (Id.)

Petitioner explains that on April 17, 2008, he wrote to the litigation coordinator at High Desert State Prison and requested a copy of the incoming and outgoing legal mail to determine if his petition for review had in fact been mailed to the California Supreme Court. (Id. at 4-5.) Petitioner claims that he was told to contact the mailroom at Mule Creek State Prison. (Id. at 5.) He states that on May 14, 2008, he finally received the record of the incoming and

outgoing legal mail at Mule Creek State Prison which shows that he forwarded legal mail to the California Supreme Court on October 22, 2004. (Id., Ex. C at 3.) Petitioner argues that the fact that his petition for review did not arrive at the California Supreme Court, or was lost or misplaced, was a circumstance beyond his control and that he is therefore entitled to statutory tolling of the AEDPA statute of limitations. (Id. at 5.)

Petitioner also argues that he is entitled to equitable tolling of the applicable statute of limitations. (Id. at 6.) In this regard, he contends that he acted diligently and that his petition for review was submitted for mailing to the California Supreme Court in a timely matter. (Id.) In addition, petitioner claims, these were external forces beyond his control that prevented him from filing his federal petition sooner. (Id.) Petitioner concludes:

> Upon discovering that the California Supreme Court had not received the Petition for Review, Petitioner embarked on an extensive investigation to determine the cause of the matter, he diligently filed a Petition for Writ of Habeas Corpus in place and stead of the Petition for Review, and thereupon exhausted additional claims in the state habeas petition to the California Supreme Court, and thereafter filed the instant federal Petition for Writ of Habeas Corpus.

(Id. at 6-7.)

III. Respondent's Reply

Respondent points out that petitioner does not contest the fact that the California Court of Appeals affirmed his conviction on November 6, 2004, and that petitioner's only post-conviction collateral challenge to that conviction was filed in the California Supreme on September 19, 2008, over three years after the AEDPA statute of limitations had expired. (Reply at 2.) Respondent argues that there is no authority that would allow for statutory or equitable tolling based on petitioner's contention that he submitted a petition for review to the California Supreme Court, that was apparently lost and was never filed by that Court. (Id.)

/////

/////

# ANALYSIS

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997). Since, petitioner filed his federal habeas petition in 2009, the AEDPA statute of limitations applies to this action.

II. <u>Application of § 2244(d)(1)(A)</u>

The statute of limitations begins to run from the date that petitioner's judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. It is undisputed that petitioner filed an appeal with the California Court of

Appeal and that his judgement of conviction was affirmed on September 27, 2004. The time for filing a petition for review with the California Supreme court is forty days after the decision of the California Court of Appeals is rendered. See California Rules of Court, Rule 8.264(b) and 8.500(e). Therefore, petitioner's judgment became final on November 6, 2004, absent the filing of a petition for review.

III. Tolling of Statute of Limitations

On May 31, 2009, petitioner signed and placed his federal habeas petition in the mail. That is the date which is designated as the filing date for his federal habeas petition. See Houston v. Lack, 487 U.S. 266, 276 (1988) (announcing the so-called mailbox rule). Therefore, the federal habeas petition before the court was not filed within the AEDPA one-year limitations period and is untimely unless the statute of limitations is properly subject to tolling. As noted above, petitioner argues that he is entitled to statutory and equitable tolling under the facts of his case.

A. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The United States Supreme Court has held:

> An application is "filed," as the term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. See, e.g., United States v. Lombardo, 241 U.S. 73, 76, 36, S. Ct. 508, 60 L.Ed. 897 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed"); Black's Law Dictionary 642 (7th ed. 1999) (defining "file" as "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record"). And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Artuz v. Bennett, 531 U.S. 4, 8 (2000). Here, petitioner's petition for review was never filed by the California Supreme Court. The petition for review was not accepted and placed in the official record of that court. Because no petition was "properly filed" with the California Supreme Court, petitioner is not entitled to statutory tolling of the AEDPA statute of limitations.

B. Equitable Tolling

Next, the court turns to petitioner's contention that he is entitled to equitable tolling of the statute of limitations under the facts of his case. The United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming without deciding that equitable tolling applies to the statute of limitations set forth in § 2244(d)). The Ninth Circuit has stated that "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008). Nonetheless, it has been recognized that equitable tolling of the AEDPA statute of limitations will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Moreover, a habeas petitioner seeking equitable tolling must show that the extraordinary circumstances alleged were the "but for" and proximate cause of the untimely filing of his federal habeas petition. Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

Here, petitioner seeks equitable tolling for the entire period of time (almost 41 months) he mistakenly thought his petition for review was pending before the California Supreme Court. In this regard, petitioner states: "Believing that the Petition was pending in the California Supreme Court, petitioner waited for the court to rule on the Petition, but never received a response." (Opp'n at 4.) However, equitable tolling requires that petitioner pursue his

rights diligently.  Waiting for over three years before inquiring about the status of a petition for review which he claims to have mailed to the California Supreme Court, does not demonstrate diligence on the part of petitioner.  See <u>Rodriguez v. Marshall</u>, No. 1:05-CV-0230 GSA HC, 2009 WL 1424260 at *6 (E.D. Cal. May 20, 2009) (finding that petitioner did not exercise reasonable diligence by waiting over a year and a half to contact his attorney regarding the status of his petition for review); <u>Pena v. Sisto</u>, No. C 09-1583 SI (pr), 2010 WL 144815 at *4 (N.D. Cal. Jan. 11, 2010) (waiting 20 months to contact appellate counsel about the status of his case is not reasonable and does not show diligence and noting that Rule 8.512(b)[2] of the California Rules of Court requires the California Supreme Court to act within sixty days of the filing of a petition for review); <u>Perez v. Cate</u>, No. 09cv0414-H (BLM), 2009 WL 5199409, at *15 (S.D. Cal. Dec. 23, 2009) ("Common sense suggests that if Petitioner was pursuing his federal habeas claims diligently he would not have waited over a year to send the second letter [to his appellate counsel to obtain his trial transcripts].").

Here, petitioner has not satisfied his burden of establishing either that he has been pursuing his rights diligently or that some extraordinary circumstance stood in the way of his filing a timely federal habeas petition.  See <u>Pace</u>, 544 U.S. at 418.  Moreover, petitioner has not

---

[2] In October 2004, when petitioner allegedly attempted to file his petition for review with the California Supreme Court, Rule 28.2(b) of the California Rules of Court provided as follows:

> (1) The court may order review within 60 days after the last petition for review is filed.  Before the 60-day period or any extension expires, the court may order one or more extensions to a date not later than 90 days after the last petition is filed.
>
> (2) An order granting review must be signed by at least four justices; an order denying review may be signed by the Chief Justice alone.
>
> (3) If the court does not rule on the petition within the time allowed by (1), the petition is deemed denied.

"The reorganization of the California Rules of Court, adopted June 30, 2006, effective Jan. 1, 2007, renumbered this rule without change to the text." (Cal. Rules of Court, Rule 8.512 Historical Notes.)  At that time Rule 28.2 was renumbered as Rule 8.512.

shown that the extraordinary circumstances he alleges were the "but for" and proximate cause of the untimely filing of his federal habeas petition. See Bryant, 499 F.3d at 1061; Allen, 255 F.3d at 800-01. Therefore, petitioner is not entitled to equitable tolling.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to substitute Mike McDonald for Tipton as the Respondent in this action.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondent's August 28, 2009, motion to dismiss this habeas action as time barred be granted (Doc. No. 11); and

2. This action be dismissed on the grounds that it was filed beyond the applicable one-year statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
pete1524.mtd